UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KHALID ELFOULKI and KETEVAN
CHICHINADZE, on behalf of themselves and all
other similarly situated,

                    Plaintiffs,                    14-cv-5964 (PKC)

      -against-                    MEMORANDUM
                                                   AND ORDER

BRANNONS SANDWICH SHOP, LLC,
ANEMACORE, LLC, RONALD BRANNON,
and DONATELLA ARPAIA,

                    Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Khalid Elfoulki and Ketevan Chichinadze commenced this action on behalf of themselves and others similarly situated, alleging, among other things, that defendants Brannons Sandwich Shop, LLC ("Brannons"), Anemacore, LLC, doing business as "Donatella's", Ronald Brannon, and Donatella Arpaia violated the minimum wage provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 206(a).  The Court conditionally certified an FLSA collective of former employees of Brannons and Donatella's, resulting in six additional opt-in plaintiffs.  Defendants Donatella's and Donatella Arpaia (the "Donatella Defendants") now move to decertify the FLSA collective action and, pursuant to Rules 37 and 41, Fed. R. Civ. P., to dismiss without prejudice the claims of four of the opt-in plaintiffs: Katarina Tomkava, Jhonatan Herrera, Michael Manjon, and Imam Hossen.  For reasons to be explained, the Donatella Defendants' motion to decertify the Collective action is granted.

BACKGROUND.

Between 2012 and 2014, Khalid Elfoulki and Ketevan Chichinadze (the "Named Plaintiffs") worked for defendants Brannons Sandwich Shop and Donatella's, both bar/restaurants, as servers and bartenders. (Complaint ("Compl.") ¶ 40). According to the Complaint, Elfoulki worked at both Donatella's and Brannons, but Chichinadze worked only at Donatella's. (Compl. ¶¶ 37-39). Ronald Brannon solely owned and operated Brannons and he and Donatella Arpaia allegedly jointly owned and operated Donatella's. (Compl. ¶¶ 33, 35). In their Complaint, the Named Plaintiffs brought several claims against the defendants: (1) failure to pay the minimum wage under the FLSA and the New York Labor Law (the "NYLL"); (2) failure to distribute gratuities to their employees pursuant to NYLL § 196(d); (3) common law conversion; (4) failure to provide employees with wage statements each pay-cycle pursuant to NYLL § 195(3); and, (5) failure to furnish employees with a wage notice at the time of hiring pursuant to NYLL § 195(1)(a). (Compl. ¶ 1).

On January 21, 2016, the Court conditionally certified a collective of former employees of the defendants. (Dkt. 26). Thereafter, six putative collective action members joined the action: Katarina Tomkava, Jhonatan Herrera, Michael Manjon, Melissa Rhyne, Natalie Concepcion, and Imam Hossen. Each of these opt-in plaintiffs, along with the Named Plaintiffs, consented to be represented by Borrelli & Associates. (Dkt. 5, 9, 34, 38, 39, 40, 45, and 47).

Prior to the close of discovery, plaintiffs' counsel, Borelli & Associates, made a motion to withdraw as attorney for opt-in plaintiffs Manjon, Hossen, Tomkava, and Herrera. (Dkt. 55). Regarding Herrera and Tomkava, plaintiffs' counsel represented that both opt-in plaintiffs no longer wished to proceed as members of the action. And, regarding Majon and

Hossen, plaintiffs' counsel represented that there had been a complete breakdown in the attorney-client relationship and that both opt-ins plaintiffs failed to appear at a Court Ordered settlement conference and to communicate otherwise with counsel. The Court denied plaintiffs' counsel's motion without prejudice to refiling after the close of discovery. (Dkt. 57). Plaintiffs' counsel renewed their motion to withdraw after the close of discovery, but the Court again denied that motion without prejudice. (Dkt. 66). According to the Donatella Defendants, in partial reliance on the representations made in plaintiffs' counsel's motion to withdraw, none of those four opt-in plaintiffs have responded to any discovery requests.

On December 18, 2015, the Court held a pretrial conference at which plaintiffs conceded that there was no basis under the FLSA to invoke federal question jurisdiction against Brannons or Ronald Brannon (the "Brannon Defendants"). (Dkt. 66). As a result, the Court dismissed with prejudice all FLSA claims against the Brannon Defendants and declined to exercise supplemental jurisdiction over the remaining state law claims brought against them. The Brannon Defendants were, as a result, terminated from this action. Shortly thereafter, the Named Plaintiffs entered into a settlement agreement with the Donatella Defendants. (Dkt. 70). The Court has approved that settlement and dismissed with prejudice the Named Plaintiffs' FLSA and NYLL claims against the Donatella Defendants. (Dkt. 84, 85).

The Donatella Defendants now move to decertify the collective action and to dismiss without prejudice the claims of Katarina Tomkava, Jhonatan Herrera, Michael Manjon, and Imam Hossen for failure to satisfy their discovery obligations. The Donatella Defendants do not seek dismissal of Melissa Rhyne's and Natalie Concepcion's claims, asserting instead that those two opt-in plaintiffs were only ever employees of Brannons. (Defendant's Memorandum of Law in Opposition ("Def. Opp."), footnote 1).

DISCUSSION.

    I.        FLSA Claims.

Under the FLSA, employees can create "a collective by opting-in to a backpay claim brought by a similarly situated employee." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016) (citing 29 U.S.C. § 216(b)).  An FLSA collective "differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it."  Id.  The Second Circuit has endorsed a "two-step process for certifying FLSA collective actions."  Id. (citing Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)).  At the first step, "the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."  Id.  Then, at the second step, the district court, after additional factual development, "determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." Id.

If the record reveals that the opt-in plaintiffs are not similarly situated, the district court may "de-certify" an action, "and the opt-in plaintiffs' claims may be dismissed without prejudice."  Myers, 624 F.3d at 555.  In reviewing a decertification motion, courts in this Circuit generally consider: "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]." Zivali v. AT & T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011) (quoting Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008)).  They also hold that "[t]he burden is on the named plaintiff to prove [by a preponderance of the evidence] that the other

employees are similarly situated." Id.; see also Perez v. Allstate Ins. Co., 11 cv 1812 (JFB) (AKT), 2014 WL 4635745, at *6 (E.D.N.Y. Sept. 16, 2014).

As mentioned above, the Court permitted the Named Plaintiffs to send notice of an FLSA collective action to potential opt-in plaintiffs. (Dkt. 26). Six individuals consented to become party plaintiffs in this action in response to that notice. (Dkt. 34, 38, 39, 40, 45, 47). After that conditional certification, the burden passed to the Named Plaintiffs to show that any of the six opt-in plaintiffs were in fact similarly situated. See Zivali, 784 F. Supp. 2d at 460. The Named Plaintiffs made no such showing and, instead, have entered into a settlement agreement with the Donatella Defendants. (Dkt. 70). No plaintiff, either named or opt-in, has responded in any way to the Donatella Defendants' motion for decertification.

In the absence of any response from plaintiffs, the Court cannot conclude that the opt-in plaintiffs are similarly situated. The Court cannot meaningfully evaluate the "disparate factual and employment settings of the individual plaintiffs" or the "defenses available to defendants which appear to be individual to each plaintiff." Id. And, to the extent the Court can evaluate the "fairness and procedural considerations counseling for or against [collective action treatment]," those considerations counsel against certifying a collective action where the Named Plaintiffs have entered into a settlement agreement with the only remaining defendants and the opt-in plaintiffs have not otherwise attempted to continue the prosecution of their claims. Id.

In light of the foregoing circumstances, the Court, in its discretion, will grant the Donatella Defendants' motion to decertify the FLSA collective action and will dismiss the FLSA claims of all six of the opt-in plaintiffs without prejudice. While defendants' motion only seeks the dismissal of Tomkava's, Herrera's, Manjon's, and Hossen's claims, there is no basis for permitting opt-in plaintiffs Rhyne and Concepcion to sustain their FLSA claims. Either both

Rhyne and Concepcion only have FLSA claims against the Brannon Defendants, in which case those claims were dismissed when the Brannon Defendants were terminated, or, they have claims against the Donatella Defendants, but they too have failed to show that the FLSA collective action should not be decertified.  Either way, plaintiffs Rhyne's and Concepcion's FLSA claims will be dismissed without prejudice along with the FLSA claims of the other four opt-in plaintiffs.

II.     New York Labor Law and Common Law Claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. section 1367(a), which provides in pertinent part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Subsection (c) provides that a district court "may" decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).

> The Second Circuit has held that:
>
> in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting Carnegie–Mellon University v. Cohill, 484 U.S. 343, 349-50 (1988)).  Here, the Court has dismissed each opt-in plaintiffs' only federal claims—their FLSA claims.  Because each of the opt-in plaintiffs have only New York Labor Law and New York common law claims remaining, judicial economy,

fairness, convenience and comity will be served best by declining to exercise supplemental jurisdiction over each of those plaintiffs' remaining state law claims and, accordingly, all those claims are dismissed without prejudice.

III.   Opt-in Plaintiffs' Failure to Satisfy Discovery Obligations.

Because the Court has already concluded that the opt-in plaintiffs' FLSA claims should be dismissed without prejudice and because it has declined to exercise supplemental jurisdiction over any remaining state law claims, the Court declines to address so much of the Donatella Defendants' motion as seeks to dismiss the opt-in plaintiffs' claims pursuant to Rules 37 or 41, Fed. R. Civ. P.

CONCLUSION.

Defendants' motion to decertify the FLSA collective action and to dismiss the opt-in plaintiffs' FLSA claims without prejudice (Dkt. 71) is GRANTED as to all six-opt in plaintiffs.  The Court further declines to exercise supplemental jurisdiction over any of the opt-in plaintiffs' remaining state law claims.  Those claims are also dismissed without prejudice.  Plaintiffs Katarina Tomkava, Jhonatan Herrera, Michael Manjon, Melissa Rhyne, Natalie Concepcion, and Imam Hossen are terminated from this action.  Only the Brannon Defendants' motion for sanctions remains pending.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        May 2, 2016